KENT, C. J., and DAVIS, J., concur.

----

○ [Criminal No. 193.   Filed March 30, 1905.]

[80 Pac. 389.]

WILLIAM DAVIS, Defendant and Appellant, v. TER-
RITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW — GRAND LARCENY — EVIDENCE—SUFFICIENCY.—Evi-
dence reviewed and held sufficient to sustain a conviction for grand
larceny.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

George W. Glowner, for Appellant.

J. H. Kibbey, Attorney-General, for Respondent.

DOAN, J.—The appellant was convicted in the district court of Coconino County on the eighteenth day of April, 1904, of the crime of grand larceny charged to have been committed by the theft of four certain horses (described in the indictment), the property of Godfrey Sykes and Stanley Sykes. A motion for a new trial on the ground that the verdict was contrary to the law and the evidence was over-ruled, and an appeal taken from such order and from the

judgment of conviction and imposition of sentence that followed.

The appellant's brief presents no assignments of error as required by the rules of this court, but the argument of counsel for appellant is based entirely upon the insufficiency of the evidence to sustain the verdict of conviction, and consists of a review of the evidence and a criticism of the witnesses who testified for the prosecution. The owner of the horses testified that they ranged on the mesa immediately north of Flagstaff, and within two miles of that town. One witness testified that on the day the defendant was arrested he saw the horses with whose theft the defendant is charged at about one o'clock in the afternoon, about a mile and a half north of town; that he recognized the horses, could identify them at the distance from which he saw them, and was well acquainted with two of the four head in question; that at the time he saw them they were being led by a man in a northerly direction—two of them were being led tied head to tail behind each other, and the other two were following loose. The two officers who arrested the defendant after dark on that night at a ranch on the mountain-side about six miles north of this place testified that he came in near the corral after dark, and tied the horses to a tree, and while attempting to catch another horse—presumably one of his own—they arrested him; that at the time of his arrest he exclaimed: "You got me just at the right time. I would not have been here to-morrow night." The officers had been sent out to arrest the defendant on an indictment for another offense. They went to this ranch for that purpose, just after dark, and shortly after their arrival the defendant came down the mountain-side riding one of these horses anl leading the others. The horses, except one that was following, were all tied the head of one to the other's tail, as stockmen tie horses "head and tail" for leading purposes. After his arrest the defendant stated first that these were his horses, and afterwards that they belonged to one Bob Clauson, except the white horse—the one he was endeavoring to catch at the time of his arrest—and this he said belonged to him. The horses were identified at the trial by the owner, Godfrey Sykes, and by other witnesses who knew them. It is difficult to understand on what the appellant could base any hope of securing a reversal

by an appellate court on the ground of want of evidence, after a verdict of guilty has been returned by a trial jury upon the consideration of the evidence presented in this record.

The evidence is abundantly sufficient to sustain the verdict of the jury, and the judgment of the lower court is therefore affirmed.

KENT, C. J., and DAVIS, J., concur.